UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Courtney Metelmann,** | ) |
|     **Plaintiff,** | ) Case: 1:23-cv-02787 |
| v. | ) |
| **Arch Cosmetics, Inc.,** | ) |
|     **Defendant.** | ) **Jury Trial Demanded** |

## COMPLAINT

Plaintiff, Courtney Metelmann ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Arch Cosmetics, Inc. ("Defendants"), and in support thereof states as follows:

## NATURE OF ACTION

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's hostile work environment under the ADA, and terminating Plaintiff's employment because of her disability and in retaliation for her attempting to assert her rights under the ADA when Plaintiff reported harassment and discrimination because of her disability.

## PARTIES

2. At all times material, Plaintiff was a resident of Cook County, Illinois.

3. At all times material to the allegations in this Complaint, Defendant, Arch Cosmetics, Inc., is a corporation doing business in and for 1359 North Wells Street Chicago, IL 60610.

1

4. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

5. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

6. At all times material, Defendant was a general contracting company that was doing business in Cook County, Illinois.

## JURISDICTION AND VENUE

7. Plaintiff brings this action pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(3) and (4) and 28 U.S.C. §2617.

9. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred within this judicial district and because Defendant's has systematic and continuous contacts within the district and because the employment records of Plaintiff are stored or have been administered, in Cook County.

## PROCEDURAL REQUIREMENTS

10. Plaintiff has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

11. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, and Americans with Disabilities Act of 1990, 29 U.S.C. § 621, *et seq.*, have occurred or been complied with.

12. The Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") a charge of employment discrimination on basis of disability, and retaliation (Attached hereto as Exhibit "A").

13. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue.

## BACKGROUND FACTS

14. The Defendant hired, Courtney Metelman at Arch Cosmetics, Inc., as a Manager on November 1, 2021.

15. The Defendant subjected the Plaintiff to disability discrimination and retaliation for requesting accommodations for her disability.

16. The Defendant subjected the Plaintiff to discrimination because of her disabilities, bi-polar disorder.

17. The Defendant subjected the Plaintiff to discrimination because of her disability.

18. The Plaintiff is a qualified individual as defined by the ADA.

19. Plaintiff's disability substantially limits major life activities.

20. The Plaintiff exceeded expectations in terms of job performance.

21. The Defendant subjected the Plaintiff to an adverse employment action by denying her advancement opportunities.

22. The Defendant subjected the Plaintiff to different terms and conditions of employment than others not with a disability.

23. Regardless of the Plaintiff's disability, the Plaintiff is able to perform the essential functions of her job duties, with or without reasonable accommodations.

24. The Employer was aware of the Plaintiff's capabilities, and that she was able to perform the essential functions of her job duties with or without reasonable accommodations.

25. The Defendant never subjected the Plaintiff to any disciplinary actions or write-ups during her employment and was otherwise an exemplary employee.

26. The Plaintiff belongs to the protected group because she is a qualified individual as defined by the ADA.

27. The Defendant failed to accommodate the Plaintiff's disability and subjected her to disability discrimination, disability-based harassment, and retaliation based on her requested for reasonable accommodations.

28. The Plaintiff was diagnosed with a physical impairment that substantially limits major life activities.

29. The major life activities affecting the Plaintiff are, including but not limited to, talking, hearing, sleeping, performing manual tasks.

30. Regardless of the Plaintiff's disability, bi-polar disorder, the Plaintiff is qualified to perform the essential functions of her job, with or without reasonable accommodation.

31. The Plaintiff was qualified to perform the functions of store manager and in that capacity had several years of experience, including with the Defendant in management.

32. On or about August 4, 2022 one of the Plaintiff's co-workers quit due to the high stress working at Arch Cosmetics, Inc.

33. On or about July 28, 2022, the Plaintiff spoke with Supervisor Cia Soules regarding the high stress involved working for Arch Cosmetics, Inc., and confided in her regarding the Plaintiff's disability.

34. Shortly after the Plaintiff confiding in her regarding her disability the Plaintiff's supervisor became very combative with the Plaintiff.

35. On or about August 8, 2022, the Plaintiff sought accommodations through Cia Soules due to her disability.

36. The Plaintiff advised the Defendant via Cia Soules that the Plaintiff was willing to take a sales or operations position.

37. Either position, while they were lesser ranking positions than the Plaintiff's current management position, the Plaintiff was more than qualified for based on her past work experience.

38. Later that day, after asking the Defendant via Cia Soules for an accommodation, the supervisor advised the Plaintiff that the Defendant had already hired someone and was already working at the store.

39. Plaintiff was then advised that her last day would be August 17, 2022, and that the Plaintiff was to train this person.

40. The Plaintiff and Defendant spoke for the next several days regarding the Plaintiff keeping her job, but the Defendant refused and said, "Your emotional issues are tearing their ugly heads here", "I hope you now have time to care for your mental health and find a job that is a better fit for you", and "You really need to get more emotional help or meds."

41. The Defendant discriminated against the Plaintiff due to her disability, and terminated her after disclosing her disability and requesting an accommodations.

42. The Defendant effectively denied the Plaintiff's request for reasonable accommodation and therefore did not engage with the Plaintiff in an interactive process to determine the appropriate accommodation under the circumstances.

5

43. The Defendant has failed to accommodate the Plaintiff's disability and the Plaintiff has been subjected to disability discrimination, disability-based harassment, and retaliation in violation of the Americans with Disabilities Act, as amended.

## COUNT I
### Disability Discrimination -Violations of the Americans with Disabilities Act ("ADA")

44. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

45. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

46. Defendant terminated Plaintiff's employment based on her disability.

47. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

48. Plaintiff is a member of a protected class under the ADA, due to her disability.

49. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

50. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of her employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Failure to Accommodate in Violation of
### Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

51. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

52. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

53. Plaintiff is a qualified individual with a disability.

54. Defendant was aware of the disability and the need for accommodation.

55. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodation.

56. Plaintiff's reasonable accommodation that was requested was not an undue burden on the Defendants.

57. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to her disability.

58. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

59. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Retaliation in Violation of 42 U.S.C. § 12101, *et seq.*

60. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

61. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

62. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful discrimination which created a sufficiently severe or pervasive work condition in violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

63. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of disability discrimination.

64. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

65. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the disability discrimination, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

66. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

67. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendants as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. Award pre-judgment interest if applicable; and

h. Award Plaintiff any and all other such relief as the Court deems just and proper.

i.

Dated May 3, 2023

Respectfully submitted,

*/s/ Mohammed Badwan*
**Mohammed Badwan, Esq.**
Sulaiman Law Group Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8181
Fax (630) 575 - 8188
mbadwan@sulaimanlaw.com